[No. 545. On Rehearing. November 1, 1894.]

JOHN G. CLANCEY, APPELLANT, v. JOHN G. CLANCEY, ADMINISTRATOR OF ESTATE OF CHARLES E. FAIRBANK, DECEASED, APPELLEE.

THIS WAS an application for rehearing in the above cause on the ground, among others, that the judgment was not in accord with the opinion of the court, the seeming irregularity growing out of the use inadvertently of the word "appeal" in the concluding part of the opinion instead of "claim." The court holding that, as it was a mere inadvertence, which could not, and did not, mislead anyone, denied the application, and, at the request of appellant to make findings of fact to be used on appeal, ordered that the findings filed in the cause below be adopted as the findings of the supreme court. For former opinion, see page 405, ante.

Petition for rehearing overruled.

JOHN D. W. VEEDER for appellant.

L. EMMETT for William P. Fairbank and Elizabeth and Alice Fairbank.

FREEMAN, J.—A judgment having been rendered at the present term of this court affirming the judgment of the district court, the appellant now moves for a rehearing, resting his application, inter alia, on the ground that the judgment is not in accord with the opinion of the court. This seeming irregularity grows out of the inadvertent use of the word "appeal" instead of the word "claim," as contained in the concluding part of the opinion. This mistake probably resulted from the fact that the court, in rendering its opinion, disposed of the two questions growing out of appellee's motion to dismiss the appeal and the appellant's contention for a reversal of the judgment below. But whether this accounts for the mistake, or whether it was a mere oversight of the writer of the opinion, the fact remains that there can be no misunderstanding as to what the court intended to direct; and the judgment is in strict conformity with that direction, as will readily be seen upon a brief reference to the points decided. The appellant was the administrator of the estate of one Fairbanks, who had recently departed this life in the state of California. As such administrator he had made his report to the probate court, reciting that, after settling up the estate, he had on hand $14,140.17 belonging to the estate. Thereafter, certain parties, designated in the opinion of the court as the "Baltimore claimants," filed in the probate court a petition asking to be declared the heirs and distributees of the estate, the administrator having in his proceeding described certain parties residing in California as such heirs and distributees. The Baltimore claimants having filed their petition, the administrator,

the appellant here, filed a supplementary report, in which he sought, under the guise of correcting his former report, to set up a claim in his own behalf to an amount sufficient to absorb the entire estate. The probate court allowed $4,185.07 of this claim, and disallowed $11,101.50. From this order both parties prayed an appeal to the district court; the administrator from the order allowing the $11,101.50, and the claimants from the order allowing the $4,185.07. The claimants, however, never perfected their appeal by executing a bond. The cause coming on to be heard in the district court, by a stipulation waiving a jury, the court held that the whole case was before him on appeal; holding that the administrator's appeal from the order disallowing a portion of his claim brought up the entire cause, as well that part of the order allowing a portion as the order disallowing a portion of his claim. The court therefore filed elaborate findings of fact, basing thereon, as a conclusion of law, a judgment disallowing the administrator's entire claim, and dismissing his suit. This court, in rendering its opinion, while suggesting a doubt as to whether the administrator's appeal brought up the whole case to the district court, was nevertheless so thoroughly satisfied that the ends of substantial justice had been reached that it affirmed the judgment of the court below, dismissing the appellant's claim. Comp. Laws, sec. 2190.

The use of the term "appeal," therefore, was, as already stated, a mere inadvertence, that could not, and did not, mislead anyone. The motion for rehearing, therefore, will be disallowed. The appellant having requested this court to make findings of fact to be used on appeal, it is ordered that the findings filed in the cause in the court below be, and they are hereby, adopted as the findings of this court.

SMITH, C. J., and FALL, J., concur. COLLIER, J., concurs in the judgment denying a rehearing.